# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3140-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

V.E.A.,

    Defendant-Appellant.

_____

Submitted March 25, 2019 – Decided April 5, 2019

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 11-02-0138.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Senior Assistant Prosecutor, and Monica A. Bullock, on the brief).

PER CURIAM

Defendant V.E.A. appeals from the January 26, 2018 Law Division order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

After a jury trial on a two-count indictment, defendant was convicted of second-degree sexual assault of his twelve-year-old daughter, N.J.S.A. 2C:14-2(b) (count one), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count two). The trial court sentenced defendant to seven years in prison on count one, subject to an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, and to a concurrent seven-year term on count two.

We affirmed defendant's convictions on his direct appeal, but remanded the matter for resentencing, and our Supreme Court denied certification. State v. V.E.A., No. A-5313-12 (App. Div. Sept. 22, 2014), certif. denied, 221 N.J. 219 (2015). On remand, the trial court again imposed a seven-year aggregate term, and we affirmed this determination after hearing defendant's appeal on our Excessive Oral Argument calendar pursuant to Rule 2:9-1.

Defendant then filed his petition for PCR, contending that his trial counsel provided him with ineffective legal assistance. Among other things, defendant asserted that the attorney failed to (1) communicate with him; (2) conduct an

adequate investigation; (3) object to certain evidence; and (4) discuss his decision not to testify on his own behalf or seek a jury instruction on this issue.

Judge M. Christine Allen-Jackson determined that defendant was entitled to an evidentiary hearing on his petition. At its conclusion, the judge rendered a comprehensive written decision denying defendant's petition.

At the hearing, defendant testified that his attorney never told him what the "game plan" would be for the defense. However, the judge credited the attorney's testimony that he met with defendant approximately ten times to prepare for the trial, and "thoroughly explained what the trial was going to be like." The judge also found that defense counsel always kept defendant in the loop as to the strategy he would employ at the trial.

Judge Allen-Jackson also rejected defendant's claim that his attorney did not adequately investigate the case in preparation for trial. Defendant's primary claim at trial, as expressed in a statement he gave to the police, was that he assaulted his daughter "by accident" after they both fell asleep watching a movie in defendant's bed. Defendant testified at the evidentiary hearing that he told his attorney "that he had sleeping issues and had been prescribed sleeping medications such as Ambien." He also alleged he told the attorney that the Veterans Affairs (VA) Hospital had records that would support these claims.

A-3140-17T4

However, the judge again credited defense counsel's testimony that defendant never spoke about his sleep issues and the VA Hospital with him, and instead claimed that he had been drinking on the night of the assault. The judge found that the attorney questioned the victim about defendant's drinking habits on cross-examination. In addition, the judge noted that defendant had not presented any records from a VA Hospital, or any other medical records, in support of his petition.

Defendant next testified that his attorney was ineffective because he agreed with the prosecutor that certain parts of defendant's video-recorded statement to the police should be redacted, while others should not. However, Judge Allen-Jackson found that defense counsel adequately explained that "[p]ortions of the statement were redacted as part of trial strategy."

Finally, the judge found that defendant's claim that his attorney did not adequately explain his right to testify on his own behalf also lacked merit. Defendant's recorded statement to the police was played for the jury. In this statement, defendant claimed that he had been drinking, fell asleep with his daughter in the bed, and had "a sexual dream" about an adult female. When he woke up, he stated he realized that he had been inappropriately touching the child. Because this statement fully detailed defendant's explanation for the

incident, and was already before the jury, defense counsel made a tactical decision that defendant should not be called as a witness to merely repeat this account, while being subjected to cross-examination which might undermine his defense.

Defense counsel also confirmed that in addition to the judge explaining defendant's right to testify to him several times at trial, the attorney also discussed this issue with defendant, who thereafter never asked to take the stand. The judge also found that defendant's attorney made an appropriate tactical decision not to ask for a jury charge on defendant's decision because that would "draw further attention to him exercising his right to remain silent." This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I
>
> BECAUSE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE O[F] TRIAL COUNSEL, THE DENIAL OF HIS PETITION FOR [PCR] WAS ERROR.
>
> A.  FAILURE TO COMMUNICATE WITH DEFENDANT.
>
> B.  FAILURE TO CONDUCT AN ADEQUATE INVESTIGATION AND OBTAIN NECESSARY RECORDS.

C. FAILURE TO OBJECT TO CERTAIN EVIDENCE.

D. FAILURE OF TRIAL COUNSEL TO THOROUGHLY DISCUSS WITH DEFENDANT ALL RELEVANT RAMIFICATIONS CONCERNING HIS DECISION WHETHER TO TESTIFY ON HIS OWN BEHALF AND TO REQUEST A JURY INSTRUCTION ON THIS ISSUE.

E. PREJUDICE.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obligated to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of this test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

6

Strickland, 466 U.S. at 687.  Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid.  That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.  Because prejudice is not presumed, Fritz, 105 N.J. at 52, a defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his trial attorney. Strickland, 466 U.S. at 694.  Moreover, the acts or omissions of counsel of which a defendant complains must amount to more than mere tactical strategy. Id. at 689.

Where, as here, the judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)).  Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the

case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15).

We have considered defendant's contentions in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Allen-Jackson in her well-reasoned written opinion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3140-17T4